Richard MONTGOMERY, Sandra Montgomery, Plaintiffs-Respondents,

v.

FIRST CAPITOL SPORTS CENTER, INC., Bill Weel, d/b/a First Capitol Sports Centers, Inc., Defendant-Appellant.

No. 44403.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 21, 1982.

Rehearing Denied Oct. 15, 1982.

Jack B. Schiff, Clayton, for defendant-appellant.

Rex M. Burlison, O'Fallon, for plaintiffs-respondents.

SNYDER, Judge.

This is an appeal from an action in which the plaintiffs-respondents, Richard and Sandra Montgomery, sought damages for an alleged breach of a bailment contract. The small claims division of the St. Charles County circuit court awarded the Montgomerys $500.00 and court costs. The defendant, First Capitol Sports Center, Inc., appealed to the St. Charles County circuit court which also rendered judgment in favor of the Montgomerys in the sum of $500.00 and costs. First Capitol Sports Center, Inc. now appeals to this court. The judgment is affirmed.

On November 6, 1980, First Capitol Sports Center, Inc., St. Charles, Missouri agreed to take the Montgomery's 1978 Yamaha motorcycle on consignment. Upon sale of the motorcycle, the Montgomerys were to receive $500.00. The cycle was displayed outside the defendant-appellant's store near the front door, and could be viewed by salesmen through plate glass windows. At night, the display area was lit by two flood lights. The motorcycle was a model that could be started without a key by flipping the ignition switch. As a security precaution, the fuel line and spark plug wire were disconnected, and the vehicle was displayed in gear. The motorcycle was locked in the store after hours. On November 12, 1980, Mrs. Montgomery was notified by the St. Charles city police that the vehicle had been stolen. No one from the store attempted to explain or tell the Montgomerys the vehicle had been stolen.

The appellant raises two points on appeal. First, it contends the trial court erred in precluding it from asserting reasons for failure to redeliver the motorcycle. The court had concluded that those assertions constituted an affirmative defense not initially pleaded by appellant. Second, appellant asserts the trial court erred in finding that appellant failed to prove that it exercised ordinary care over the motorcycle, in effect saying the ruling of the trial court was against the weight of the evidence. Both points are denied.

■ A review of the transcript shows that appellant was not precluded from offering evidence of reasons for failure to redeliver the motorcycle. No evidence of reasons for failure to return the motorcycle was offered by appellant. Instead, it offered, and was allowed to adduce, evidence of the exercise of ordinary care in its handling of the motorcycle. None of the evidence offered by the appellant concerning its care of the vehicle was refused by the court. The evidence supported a finding that the appellant failed to use ordinary care.

Anyone familiar with motorcycles, even one of appellant's employees, might have taken the motorcycle, in spite of the disconnection of the fuel line and spark plug wire. It might have been sold to someone. There are many possible reasons for its disappearance, but none were advanced by appellant in the course of the trial.

■ The standard of review applicable to court tried cases requires that the decree

or judgment of the trial court be sustained by an appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). Applying that standard, this court affirms the trial court judgment.

An extended opinion would have no precedential value. The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P.J., and CRIST, J., concur.